Filed 2/2/21  P. v. Bushey CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C089360 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F05600) |
| v. | |
| MARCE BUSHEY, | |
| Defendant and Appellant. | |

A trial court denied defendant Marce Bushey's request to strike firearm enhancements under Penal Code sections 12022.5 and 12022.53.[1]  Defendant appeals that denial, arguing the court did not fully understand the scope of its discretion when it made its decision.  We will affirm the judgment.

---

[1] Undesignated statutory references are to the Penal Code.

1

# I. BACKGROUND

Defendant and two others beat the victim with guns and took his car, along with his wallet and cell phone. Defendant was convicted of second degree robbery (§ 211) with personal use of a firearm (§ 12022.53, subd. (b)) and assault with a firearm (§ 245, subd. (a)(2)) with personal use of a firearm (§ 12022.5, subd. (a)). Defendant appealed and we affirmed the judgment, but vacated the sentence and remanded the case so the trial court could consider whether to exercise its discretion under the newly enacted sections 12022.53, subdivision (h) and 12022.5, subdivision (c), to strike or dismiss the firearm enhancements. (*People v. McBride et al.* (March 29, 2018, C076802) [nonpub. opn.].)

Before the resentencing hearing, defense counsel produced letters from defendant expressing his remorse and explaining his post-release plans, reference letters from friends and family, and evidence of defendant's activities in prison, including positive reviews from work supervisors, community college transcripts, and certificates of completion for self-improvement courses. The prosecution produced several rules violation reports from prison, including one for a positive drug test and others for refusals to work.

At the hearing, defense counsel argued defendant "does stand outside the spirit and the scheme . . . the legislature had in mind when they enacted those two gun enhancements," based on defendant's rehabilitative efforts in prison. The prosecution argued the court should "resentence the defendant to the same sentence that he was originally sentenced to back in 2014," because of defendant's actions in the underlying crime.

The court framed the issue as a decision whether defendant was entitled to "leniency because of some very special or unique circumstance." Although the court commended defendant for his efforts while in prison, the court found defendant was not entitled to such leniency: "And I recognize that you came before the Court very young,

without any prior record. But the crime, itself, when I look at how the crime occurred and whether or not your use of the weapon in this case deserves some form of leniency, I don't think it does.

"And the reason for that is, as I said at your sentencing, is that [the victim] was outnumbered in a very frightening situation with three people surrounding him in kind of the open doorway of his car. Two of them had guns. Your codefendant, Mr. McBride, had the gun pointed in his face.

"And, really, the assault on [the victim] was complete at that point when a gun was pointed at him. But then the extra step that you took, Mr. Bushey, to hit him with the gun and force him down to the ground and then Mr. McBride took his keys and you took off in his car to effectuate the robbery, was really unnecessary and senseless. And when I look at, 'Why does someone deserve leniency,' it's not just looking at, as I indicated, their prospects for the future but their decisions they made in the past.

"And it looks like your decision making is improving. And some of that may be because of your time for reflection in custody. Some of that may be your maturity as you get older, and I appreciate that.

"But when I weigh whether or not, given all the facts, this is a case that warrants the Court exercising its discretion, I don't believe it does. And as I indicated, it's because I don't believe that these crimes fall outside of the legislative intent when they enacted them.

"Despite your positive progress forward, when I balance all those together, I don't believe that outweighs the Court's previous sentence, and I'm going to deny your request to exercise my discretion and to strike those allegations today." The court resentenced defendant to the same "sentence he initially received back in 2014," including the enhancements under sections 12022.53, subdivision (b) and 12022.5, subdivision (a).

## II. DISCUSSION

Defendant argues the trial court misunderstood the scope of its discretion at the resentencing hearing. The court had the authority to strike only the "additional punishments" imposed by the firearm enhancements, while leaving the enhancements themselves intact, defendant asserts, but the court "made no mention of this option." Thus, the argument goes, the court did not exercise "informed discretion" and the case must be remanded for another resentencing. We disagree.

As we explained in our previous decision (*People v. McBride et al., supra,* C076802 at p. 16), sections 12022.53, subdivision (h) and 12022.5, subdivision (c) were amended in 2017 to, "in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed." (§§ 12022.5, subd. (c), 12022.53, subd. (h).) Section 1385 authorizes a trial court to "strike or dismiss an enhancement, or to 'instead strike the additional punishment for that enhancement in the furtherance of justice.' " (*In re Pacheco* (2007) 155 Cal.App.4th 1439, 1444; § 1385, subd. (b)(1).)

A trial court's refusal or failure to strike an enhancement allegation under section 1385 is reviewed for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374.) " 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers [cannot] exercise that "informed discretion." ' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) " ' "[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' . . . ' " 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' " (*Carmony, supra,* at pp. 376-377.)

4

Here, defendant does not identify any affirmative indication in the record that the trial court misunderstood the scope of its sentencing discretion. The resentencing hearing took place more than a year after the applicable statutory sections took effect, and we presume the court properly understood its discretion under those sections. (*People v. Bradford* (2010) 187 Cal.App.4th 1345, 1355 ["absent a showing to the contrary, the trial court is presumed to have known and followed the applicable law and to have properly exercised its discretion"].) The fact the court did not expressly set out every available sentencing option is not evidence the court misunderstood the availability of those options. Moreover, the trial court framed the hearing as deciding whether defendant was entitled to "some form of leniency" and explained its ultimate decision by saying defendant's crimes did not fall "outside of the legislative intent" of the enhancement statutes. These statements suggest the court considered the available options to offer defendant a more lenient sentence and simply determined those options were not appropriate because the firearm enhancement statutes were designed to apply to the conduct for which defendant was convicted. The trial court's statements thus support the presumption that it understood the scope and purpose of its discretion, rather than the contrary.

Defendant argues remand is required so, at the very least, the trial court may more thoroughly document its reasons for declining to strike the additional punishment. But, as explained above, the trial court already determined defendant's crime did not "deserve[] some form of leniency," and found defendant's original sentence, which included the firearm enhancements, was the most appropriate sentence for his case. We see no indication the trial court would render its decision any differently on remand. (*People v. Flores* (2020) 9 Cal.5th 371, 431-432.) We conclude the trial court did not abuse its discretion when it declined to strike the firearm enhancements.

## III.  DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

BLEASE, Acting P. J.

/S/

KRAUSE, J.

6